[Cite as *Abraha v. Mengesha*, 2014-Ohio-3342.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Feleke Abraha, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 14AP-192 |
| | | (C.P.C. No. 10CVH-10-15484) |
| Wondu Mengesha, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

# D E C I S I O N

## Rendered on July 31, 2014

*Ronald B. Noga*, for appellee.

*Fry, Waller & McCann Co., LPA,* and *Barry A. Waller*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1}  Wondu Mengesha is appealing from the civil judgment taken against him in the Franklin County Court of Common Pleas.  He assigns three errors for our consideration:

> [I.] The trial court erred in granting judgment in favor of Plaintiff against Defendant in the principle amount of $140,000 as the unpaid balance of a promissory note.
>
> [II.] The trial court erred in prohibiting the admissibility of Parole [sic] Evidence.
>
> [III.] The trial court erred in determining the contracts were supported by consideration.

{¶ 2}  Feleke Abraha and Wondu Mengesha are brothers.  Mengesha has worked at a drive thru carryout owned by a corporation, Hudson and Joyce Drive Thru, Inc.  The corporation is owned by Mengesha's wife.  Since the carryout sells beer and wine, the corporation is required to have and does have an Ohio liquor license.

{¶ 3}  On a number of occasions, Abraha provided his brother money.  Abraha apparently felt that he had entered into a partnership with his brother.  This led to the brothers signing a document titled "Termination of Partnership Agreement."  In connection with the document being signed, a note in the face value of $200,000 was signed and $60,000 was paid toward that note through a combination of cash and transfer of assets.

{¶ 4}  Counsel for Mengesha now argues that the relationship between the brothers was an illegal contract and the note executed in conjunction with the signing of the "Termination of Partnership Agreement" is not enforceable.

{¶ 5}  A better description of the relationship between the brothers is a family agreement on financing real estate holdings eventually used for a liquor establishment. Neither Mengesha nor Abraha ever held the liquor permit.  Mengesha apparently owned the land and building where the business operated.  Mengesha's wife apparently owned the corporation which held the liquor license.  Mengesha worked at the liquor premises. Abraha never did.  He simply provided funds so the business could come to exist and operate on the permit premises.

{¶ 6}  Both brothers have an Ethiopian heritage.  They attempted to mediate their disagreement with the help of elders in the community.  Within the community, it was clear Abraha provided over $80,000 to his brother in conjunction with purchasing the land which became the location for the permit premises once a building was erected on the land.  Mengesha clearly owed his brother a significant sum of money.

{¶ 7}  After submitting the issues to senior members in the Ethiopian community, a decision was made to allow the brothers to discontinue their business relationship.  The mediators felt the business was worth $400,000 and each brother or brother's family was entitled to one-half.  Hence, the document titled "Termination of Partnership Agreement" was signed and the note executed.

{¶ 8}   The note was executed to resolve a set of conflicting legal claims over funds owed.  The settlement was reasonable and enforceable.  The fact that neither the brother nor the senior members of the community fully understood the legal niceties of Ohio liquor law and partnership law does not make the agreement to resolve the dispute unenforceable.  Also, the funds were provided to further a real estate investment, not to further the actual ongoing operation of a liquor establishment.

{¶ 9}   The first assignment of error is overruled.

{¶ 10} There was, in fact, consideration for each brother to accept the settlement.  Conflicting claims were resolved.  A source of friction within the family and the Ethiopian community was laid to rest.  Each brother benefitted.

{¶ 11} The third assignment of error is overruled.

{¶ 12} The second assignment of error centers on an assertion that Abraha had no enforceable right against his brother.  This assertion avoids the central issue.  The note for $200,000 was signed to resolve a dispute between two brothers resulting from one brother providing the other brother a significant amount of money.  What each brother thought when the money was provided is not the central issue.  The central issue was that a dispute between brothers was resolved with a written document and a promissory note.  The trial court had all the evidence it needed to enforce the note.  Additional "parol evidence" could not change the outcome of the lawsuit to enforce the promissory note.  Further, the "parol evidence" was already before the court to the extent it was relevant.

{¶ 13} The second assignment of error is overruled.

{¶ 14} All three assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and CONNOR, JJ., concur.

————————————